CHARLES HEYL AND GEORGE EMMERMANN, RESPOND-
ENTS, *v.* THE INMAN STEAMSHIP COMPANY (LIMI-
TED), APPELLANT.

*Common carrier — liability of — act of God — when it does not relieve the carrier.*

Although a common carrier is relieved from absolute liability for an injury to goods intrusted to his care, when such injury is occasioned by the act of God or public enemies, yet, to avail himself of such exception to his liability, he

must first show that he himself was free from fault; and when the injury is occasioned by such causes while his own default, in failing to forward the goods as required by his contract, contributes thereto, he is not relieved from liabiliy for the damage resulting from such injury.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an injury occasioned to six casks of wine must, delivered to the defendants at Rotterdam to be transported to the plaintiff in New York.

*John M. Bowers*, for the appellant. The bill of lading expressly relieves the defendants from liability arising from sweating, leakage or breakage. (*Steers* v. *Liverpool, N. Y. & Phila. S. S. Co.*, 57 N. Y., 1; *Belger* v. *Dinsmore*, 51 id., 166; *Magnin* v. *Dinsmore*, 62 id., 35; *Kirkland* v. *Dinsmore*, id., 171.) No recovery can be had against a common carrier or an insurer of goods if the articles are lost from their own inherent defects. (*Blower* v. *Great Western Railway Company*, Eng. L. R., 7 C. P., 655; *Kendall* v. *London & South Western Railway Co.*, L. R., 8 Ex., 373; *Conger* v. *H. R. R. R. Co.*, 6 Duer, 375, 380; *Farrar* v. *Adams*, B. N. P., 69; *Cragin* v. *N. Y. C. & H. R. R. R. Co.*, 51 N. Y., 61, 63.)

*F. A. Ward*, for the respondents. If a carrier departs from the line of his duty and violates his contract, and while thus in fault the goods are injured by causes excepted in his bill of lading, he is not thereby protected. (*Read* v. *Spalding*, 30 N. Y., 630; *Michael* v. *N. Y. C.*, 30 id., 564; *Bostwick* v. *B. R. R. Co.*, 45 id., 717; *Coudict* v. *G. T. R. R. Co.*, 54 id., 505; *Rawson* v. *Holland*, 59 id., 611, 619; *Dunson* v. *N. Y. C. R. R. Co.*, 3 Lans, 265; *Magee* v. *C. & A. R. R. Co.*, 45 N. Y., 522; *Arends* v. *Liverpool, N. Y. & Phila. S. S. Co.*, 6 Lans., 457; *McArthur* v. *Sears*, 21 Wend., 190; *Merritt* v. *Earle*, 31 Barb., 38.)

DYKMAN, J.:

This action is brought to recover damages for negligence in the transportation of goods. On the 16th day of November, 1875,

the defendant received and accepted at Rotterdam six casks of grape juice, commonly called must, which was consigned to the plaintiffs in New York city. The bill of lading contained the stipulation, that the casks were to be sent forward to Liverpool and there trans-shipped to the defendant's steamship, City of Berlin, or other of their steamships, appointed to sail for New York on Thursday, the 25th day of November; and, failing shipment by her, then the first of the company's steamships sailing after that date for New York. The casks arrived at Liverpool on the 23d day of November, stowed in the fore-hold of the vessel; and the heads had then been blown out of two of them by the fermentation of the liquor; none of the casks were shipped on the Berlin, which sailed on the 25th day of November. Another of the defendant's vessels sailed from Liverpool on the 2d day of December, but the casks were not shipped until December 9th, having been there on the defendant's dock for sixteen days; when the casks arrived, the liquor was worthless.

The bill of lading, which is the contract between the parties, contains stipulations exempting the defendant from liability for the loss which has ensued, unless it resulted from negligence in performance of the contract on the part of the defendant, which is attributable to its fault. But, if the defendant has not been free from fault, and its own negligence has contributed to the injury complained of, then the action can be maintained, notwithstanding the stipulation in the bill of lading. (*Read* v. *Spaulding*, 30 N. Y., 630; *Condict* v. *Grand Trunk R. R.*, 54 id., 500.)

The cause was submitted to the jury upon this theory, with instructions, that if the defendant had kept the contract, there could be no recovery; but, as it was conceded the casks were not shipped from Liverpool until the 9th day of December, the jury was to find whether, upon the proof, there was sufficient excuse for not sending the casks forward on the 25th day of November or the 2d day of December, steamers belonging to their company having sailed on both of those days. And further, if the jury found the excuse was insufficient, then the defendant could claim no exemption under the restrictions it contained.

At the request of the defendant's counsel, the trial judge distinctly charged the jury that if the contents of all the casks had

begun to ferment before reaching Liverpool, there could be no recovery. The substance of the instruction to the jury, then, was this: By the stipulation in the bill of lading the defendant is exempt from liability for injury, by reason of any inherent defect in the article shipped, and from leakage, fermentation and breakage; but as there was delay, and the contract was not performed in time, you shall say whether there was an excuse for it, or whether it was the result of negligence. If you find the former, there can be no recovery; and if you find the latter, there can be.

This charge was certainly as favorable to the defendants as could be asked for by the contract. The company undertook to trans-ship these casks on one of the steamers appointed to sail on the 25th day of November, and failing shipment by her, then by the first one of the company's vessels sailing after that date for New York; and it is settled law with us, that if a party engages unconditionally, by contract, to do an act, performance is not excused by accident or unforseen contingency. (*Harmony* v. *Bingham*, 12 N. Y., 99.)

From well-known and commendable motives of policy, our law holds a carrier responsible for injury to goods intrusted for transportation, and he can only claim exemption from such absolute liability by showing that the injury resulted from the act of God or the public enemy; and before he can avail himself of such exemption, he must be able to show that he was himself free from fault. (*Read* v. *Spaulding*, 30 N. Y., 630.) By analogy to this rule the defendant was, by the bill of lading, exempt from peril, which caused the destruction of the must; but, to avail itself of this exemption, it was called upon to show that it had performed the contract, and was without fault. Because if it was in fault, then a liability attached for all the injury caused thereby, and we must assume that the jury found that all the injury to the liquor in the four casks resulted from such fault. All claim for damages to the two casks, which commenced to ferment before reaching Liverpool, was withdrawn from the jury by the court.

We find no error, and the judgment must be affirmed, with costs.

Barnard, P. J., and Gilbert, J., concurred.

Judgment and order denying new trial affirmed, with costs.